# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER B. TOBE AND ) <br> LISA S. TOBE ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NATIONSTAR MORTGAGE, LLC ) <br> ) <br>     SERVE: ) <br>     CSC-Lawyers Incorporation Co. ) <br>     421 West Main Street ) <br>     Frankfort, Kentucky 40601 ) <br> ) <br>     Defendant. ) <br> _____) | Case No. 3-15-cv-676-DJH <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

\* \* \* \* \*

Plaintiffs Chris and Lisa Tobe ("the Tobes"), by counsel, for their Complaint against Defendant, Nationstar Mortgage, LLC ("Nationstar"), state as follows:

## INTRODUCTION

1. This is an action for actual and statutory damages for Nationstar's violations of Title 15 of the United States Code, specifically, 15 U.S.C. § 1692 *et seq.*, (known as the "Fair Debt Collection Practices Act" or "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in the collection of consumer debt.

2. The Tobes' mortgage account with Nationstar's predecessor-in-interest was "stripped" by the United States Bankruptcy Court for the Western District of Kentucky, removing the predecessor's lien and converting the account to unsecured debt, which was itself discharged by the Bankruptcy Court.

3. Despite the automatic stay applicable to the Tobes' bankruptcy filing, the fact that the mortgage was converted to unsecured debt, and the Court's later discharge order and subsequent injunction against further collection efforts, Nationstar continued its efforts to collect on the mortgage account.

## PARTIES, JURISDICTION, AND VENUE

4. The Tobes are, and were at all times material to this Complaint, residents of Louisville, Jefferson County, Kentucky.

5. The property on which the alleged debt was owed is situated in Jefferson County, Kentucky.

6. Chris Tobe and Lisa Tobe were each a "consumer" as that term is defined in the FDCPA.

7. Defendant Nationstar is, and was at all times material to this Complaint, a Texas Corporation. Defendant does extensive business within this judicial district.

8. At all times material to this Complaint, Nationstar was engaged in the business of collecting consumer debt in the State of Kentucky and is a "debt collector" as that term is defined in the FDCPA.

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

10. Venue in this District is proper because Defendant transacts business in this District, the Tobes are residents of this District, and the property on which the alleged debt was owed is situated in this District.

**FACTS**

11. On August 12, 2009, the Tobes filed a petition for a Chapter 13 bankruptcy. An automatic stay applicable to the Tobes' bankruptcy filing went into effect on that same date.

12. At the time of the bankruptcy filing, the Tobes owned property in Jefferson County, Kentucky, which was secured by a mortgage account held by BAC Home Loans.

13. On January 28, 2012, the Bankruptcy Court "stripped" that account, converting it to unsecured debt.

14. On August 13, 2013, BAC Home Loans transferred its claim on the mortgage account to Nationstar.

15. When Nationstar became the servicer of the Tobes' loan, the Tobes were already in default.

16. On January 12, 2015, the Bankruptcy Court entered a discharge Order.

17. Despite the account's conversion to unsecured debt, the automatic bankruptcy stay, and the discharge Order, Nationstar continued on multiple occasions to attempt to collect from the Tobes a debt they did not owe.

18. In those multiple debt collection attempts, Nationstar failed to give appropriate notice of the alleged debt.

**COUNT 1:**
**FAIR DEBT COLLECTION PRACTICES ACT**

19. The Tobes incorporate by reference the allegations previously set forth in this Complaint.

20. The actions detailed in Paragraphs 1 through 18 constitute multiple violations of the Fair Debt Collection Practices Act. Specifically, Nationstar's actions constitute violations of 15 USC § 1692e(2), 15 USC § 1692e(10), 15 USC § 1692f(1), and 15 USC § 1692g(a).

21.     Nationstar's unlawful actions as set forth above caused the Tobes to sustain actual damages in the form of mental and emotional distress, turmoil, worry, disgrace, embarrassment, stress, anxiety, and humiliation, entitling them to relief in the form of actual damages, statutory damages, attorney's fees, and costs.

## PRAYER FOR RELIEF

Wherefore, plaintiffs Chris and Lisa Tobe, by counsel, demands relief against Defendant, Nationstar, LLC, as follows:

a.      Entry of a Judgment against Nationstar to compensate the Tobes for damages to which he is entitled, including but not limited to actual, compensatory, and statutory damages;

b.      Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law;

c.      Trial by jury on all issues so triable;

d.      An award of attorney's fees and costs herein incurred;

e.      Any and all other relief to which the Tobes may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

Respectfully submitted,

CRAIG HENRY PLC
James Craig
Aaron J. Bentley

___/s/ James Craig_____
239 S. Fifth Street, Suite 1400
Louisville, Kentucky 40202
Telephone: (502) 614-5962
Facsimile: (502) 614-5968
jcraig@craighenrylaw.com
abentley@craighenrylaw.com

*Counsel for Chris Tobe and Lisa Tobe*

4